**FIRST BANK SOUTHEAST, N.A., a national banking association, f/k/a Kenosha National Bank, Plaintiff,**

v.

**PREDCO, INCORPORATED, a New Jersey corporation, Defendant.**

No. 88–C–0351.

United States District Court,
E.D. Wisconsin.

June 5, 1990.

Jonathan A. Mulligan, Ruetz, Davison & Mulligan, Kenosha, Wis., for plaintiff.

Randall L. Nash, O'Neil, Cannon & Hollman, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, Chief Judge.

In an October 23, 1989 *Decision and Order*, this Court granted plaintiff's summary judgment motion to enforce a guaranty agreement executed in connection with an issue of industrial development revenue bonds. Pursuant to the letter of the loan agreement, the Court granted plaintiff $24,049.74 in attorneys' fees, costs, and expenses to enforce the guaranty, *id.* at pp. 22–23, and requested further briefing on the issue of the grant of and amount of attorneys' fees, costs, and expenses plaintiff is entitled to regarding its representation of First Bank Southeast in the Chapter 11 bankruptcy proceedings involving the LTV Corporation and its subsidiaries. Before the Court are those briefs.

I. DEFENDANT'S LIABILITY FOR ATTORNEYS' FEES AND EXPENSES INCURRED IN THE BANKRUPTCY PROCEEDINGS

■ Under § 2.1 of the guaranty agreement, defendant unconditionally guaranteed to plaintiff the performance of all obligations under the loan agreement. Section 2.1 provides in relevant part:

SECTION 2.1. Guarantor hereby unconditionally guarantees to Trustee for the benefit of the holders from time to time of the Bonds and the interest coupons appertaining thereto the due performance by the Contracting Subsidiary of all of its obligations under the Agreement,.... Each and every default under the Agreement shall give rise to a separate cause of action hereunder, and separate suits may be brought hereunder as each cause of action arises.

Section 2.4 of the guaranty agreement provides in pertinent part:

SECTION 2.4. Upon the occurrence of an "event of default" under the Agreement ... Trustee, in its sole discretion, shall have the right to proceed first directly against Guarantor under this Guaranty without proceeding against or exhausting any other remedies which it may have and without resorting to any other security held by Issuer or Trustee.

Under this language, defendant is liable for payment of reasonable attorneys' fees and expenses of the trustee incurred in the LTV Chapter 11 proceedings. The defendant guaranteed all obligations under the loan agreement. The obligation to pay attorneys' fees and expenses is set forth as such at § 6.3 of the loan agreement:

SECTION 6.3 AGREEMENT TO PAY ATTORNEYS' FEES AND EXPENSES. In the event the Company should default under any of the provisions of this Agreement and the Issuer or the Trustee should employ attorneys or incur other expenses for the collection of the payments due under this Agreement or the enforcement of performance or observance of any obligation or agreement on the part of the Company herein contained, the Company agrees that it will on demand therefor pay to the issuer or the Trustee the reasonable fees of such attorneys and such other expenses so incurred by the Issuer or the Trustee.

Payments under the loan agreement are in default because of the bankruptcy proceedings. Accordingly, plaintiff has employed counsel and incurred fees and expenses to attempt to collect the payments due. Defendant as much as admitted its liability for such expenses and fees at pages 18–20 of its memorandum in support of its motion for summary judgment. Defendant's reversal of position in its response brief at bar has no basis. Defendant asserts it guaranteed only the payment of the principal and interest due on the bonds. Yet the

language of § 2.1 of the guarantee agreement is unambiguous: it states that defendant absolutely and unconditionally guaranteed the performance of all obligations contained in the loan agreement, including the payment of principal and interest due on the bonds. That section does not limit defendant's obligations to just the payment of principal and interest due on the bonds under the maxim *expressio unius est exclusio alterius;* it merely delineates principal and interest as some of the obligations on which the defendant is liable should default occur. This Court will not read the language "all obligations" out of § 2.1. Consequently, defendant is liable for plaintiff's reasonable attorneys' fees and costs. Section 6.3 constitutes a specific agreement to pay on demand the fees and expenses incurred by the trustee in its efforts to collect the payments due under the loan agreement. Nothing in the agreement vitiates defendant's duty to satisfy this, as well as all other obligations in the loan agreement, as provided for in § 2.1 of the guaranty agreement. Defendant is liable for payment of the fees and expenses incurred as a result of the default in the payment of the bonds, regardless of the fact that the default and resulting fees and expenses were due to the bankruptcy proceedings. In fact, defendant's position on its obligation for attorneys' fees and expenses may have necessitated payment of greater expenses and fees in this regard, because if defendant had complied originally with its legal obligations under the guaranty, the bondholders may have been paid in full and plaintiff may not have had to continue its participation in the bankruptcy proceedings.

The Court having determined defendant is liable for reasonable attorneys' fees and costs in connection with the LTV bankruptcy proceedings, it is necessary to judge whether plaintiff's requested fees and costs are reasonable and necessary for the collection of the payments due under the loan agreement. Plaintiff has requested $86,262.37 for attorneys' fees and expenses and trustee fees and expenses incurred between July 17, 1986 and November 30, 1989. This encompasses 778.4 hours of representation totalling $62,778 in fees, calculating rates for attorneys and legal assistants ranging between $40 and $90. In addition, plaintiff has incurred $21,338.23 in expenses, and $2,146.14 in trustee fees, administrative time, and mail charges as of December 1, 1989. Examining plaintiff's affidavits, this Court determines that the hourly rates charged by each attorney and legal assistant, the total time spent, and the expenses incurred fall within a reasonable range for attorneys rendering this type of counsel. Moreover, plaintiff's justification for participation in the bankruptcy proceedings is solid. *See* Plaintiff's Brief in Support of Judgment for Attorneys' Fees and Expenses pp. 19–23. Evaluating these fees under the reasonableness factors found in Wisconsin Supreme Court Rule 20:1.5,[1] this Court concludes the legal services that have been rendered to plaintiff in the bankruptcy proceedings were necessary for the protection of the indenture trustee in the exercise of its prudent man standard of care, and that plaintiff's counsel rendered these services in the normal and usual course of this action. Evaluating the responsibilities of an indenture trustee in bankruptcy reorganization proceedings against plaintiff's counsel's assertions of its activities on behalf of plaintiff, this Court concludes that the asserted fig-

---

1. SCR 20:1.5(a) provides:

A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

ures for attorneys' fees and costs in the areas of the reorganization proceedings, as well as for the trustee's fees and expenses, are reasonable. *See* Okerson Affidavit pp. 2–6, ¶¶ 5–11. Defendant has not offered any evidence of improper or overzealous billing in plaintiff's duties as an indenture trustee in the reorganization proceedings, nor has it analyzed these activities and demonstrated the lack of necessity of plaintiff's counsel's activities. Most damaging to defendant's position is its lack of any evidence or legal argument to controvert plaintiff's counsel's apparently well-founded assertions that its activities as indenture trustee were appropriate or that the fees incurred in exercising these duties were reasonable. Plaintiff's extensive briefing of the issues pertaining to the role of indenture trustees in reorganization proceedings and the necessity of its presence in this action convince the Court of the reasonableness of these fees and costs. *See* Plaintiff's Brief in Support of Judgment for Attorneys' Fees and Expenses pp. 4–19. Accordingly, the Court determines plaintiff is entitled to $86,262.37 for attorneys' fees and expenses and trustee fees and expenses incurred between July of 1986 and November 30, 1989 in the LTV bankruptcy reorganization proceedings.[2]

▪ Plaintiff avers it is also entitled to interest expenses as a result of the LTV Chapter 11 proceedings and the litigation to enforce the guaranty agreement. Plaintiff uses the same reasoning as with regard to the trust fees and expenses, stating that it has incurred $21,836.14 in interest expenses. Because of the default in the payment of the bonds, there are no funds against which the trustee may offset the fees and expenses it has incurred. Therefore, plaintiff financed the attorneys' fees

and expenses in the bankruptcy proceedings and the litigation to enforce the guaranty agreement against defendant. Because this interest expense has been acquired by the trustee in connection with the collection of the payment due under the loan agreement, plaintiff asserts defendant is liable under the guaranty agreement for its payment.

The only evidentiary assertion regarding the interest to finance this litigation is made in the Beck Affidavit of December 19, 1989 at pp. 2–3, ¶ 4, in which it is conclusorily stated plaintiff expended $21,-836.14 on interest in this action. Plaintiff has failed to proffer any further evidence on the reasonableness of this expense, either as to its underlying justification, or a breakdown of how it was incurred. Moreover, plaintiff failed completely to request this interest at the summary judgment stage. *See* Mulligan Affidavit in Support of Judgment for Attorneys' Fees filed June 8, 1989. Accordingly, this Court declines at this time to enter judgment for the interest plaintiff may have incurred financing this litigation, despite the fact the interest expense would appear to qualify under the "such other expenses" rubric of § 6.3 of the guaranty agreement.[3]

## II. DEFENDANT'S LIABILITY FOR PAYMENT OF THE ADDITIONAL ATTORNEYS' FEES AND EXPENSES INCURRED IN ENFORCING THE GUARANTY

▪ Based on § 2.5 of the guaranty agreement, plaintiff has requested another $14,520.73 of attorneys' fees and expenses incurred in connection with enforcing the guaranty. *See* Plaintiff's Brief in Support of Judgment for Attorneys' Fees and Ex-

---

**2.** Defendant's argument that plaintiff is not entitled to recover the trustee's fees and expenses fails for the same reasons. The claim for the trustee's fees and expenses was alleged in the Complaint, and detailed in the Clayton and Beck affidavits. Section 6.3 covers attorneys' fees and "such other expenses" incurred by the trustee. These delineated expenses fall within this provision of the guaranty agreement.

**3.** Defendant's argument that the bankruptcy court in the LTV Chapter 11 proceedings should

determine the applicable reasonable fees and costs is incorrect. That the default in this action involves a reorganization proceeding does not affect the contractual liability of defendant under the guaranty agreement for the payment of the fees and expenses incurred. This Court properly determines the liability and reasonableness of the fees requested under this contract claim, not the bankruptcy court or its attendant standards.

penses pp. 29–30. Plaintiff states: "Principally, these fees and expenses were incurred in connection with preparation of the reply brief filed in support of the motion for summary judgment, trial preparation and the preparation of this brief." *Id.* at 29. At page 1 of its reply brief at bar, plaintiff seeks a further $1,959.72 for attorneys' fees and expenses associated with the preparation of the reply brief. Examining plaintiff's affidavits, considering that much of these expenses were incurred after a favorable decision for plaintiff on the merits, and applying the factors of Wisconsin Supreme Court Rule 20:1.5(a), delineated *supra* note 1, this Court concludes plaintiff's requested further amount of attorneys' fees and expenses incurred in enforcing the guaranty is exorbitant. In lieu of a microanalysis of the amount of time billed, the fee charged, the nature of the work, and the necessity of the work, plaintiff's request will be reduced by three-fourths, resulting in a total of $4,120.11.

## III. SUMMARY

Pursuant to §§ 2.1, 2.4, and 6.3 of the guaranty agreement between these parties, plaintiff is entitled to $86,262.37 in attorneys' fees and expenses and trustee fees and expenses incurred between July of 1986 and November 30, 1989 in the LTV bankruptcy reorganization proceedings. Without further justification or breakdown of the figure's reasonableness, the Court declines to enter plaintiff's requested interest expense. As a result of the need for additional enforcement of the guaranty agreement, the Court further determines plaintiff is entitled to $4,120.11. The Court previously granted plaintiff $24,049.74 in attorneys' fees, costs, and expenses to enforce the guaranty. Judgment should be entered pursuant to these determinations.

SO ORDERED.